# EXHIBIT

# "A"

Filing # 80723253 E-Filed 11/13/2018 02:16:33 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.    CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>FIFTEENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u> COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Michael Gutherez</u>
Plaintiff
vs.
<u>The Geo Group</u>
Defendant

**II.   TYPE OF CASE**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence – other
   ☐ Business governance
   ☐ Business torts
   ☐ Environmental/Toxic tort
   ☐ Third party indemnification
   ☐ Construction defect
   ☐ Mass tort
   ☐ Negligent security
   ☐ Nursing home negligence
   ☐ Premises liability – commercial
   ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
   ☐ Commercial foreclosure $0 - $50,000
   ☐ Commercial foreclosure $50,001 - $249,999
   ☐ Commercial foreclosure $250,000 or more
   ☐ Homestead residential foreclosure $0 – 50,000
   ☐ Homestead residential foreclosure $50,001 - $249,999
   ☐ Homestead residential foreclosure $250,000 or more
   ☐ Non-homestead residential foreclosure $0 - $50,000
   ☐ Non-homestead residential foreclosure $50,001 - $249,999

☐ Non-homestead residential foreclosure $250,00 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
   ☐ Malpractice – business
   ☐ Malpractice – medical
   ☐ Malpractice – other professional
☐ Other
   ☐ Antitrust/Trade Regulation
   ☐ Business Transaction
   ☐ Circuit Civil - Not Applicable
   ☐ Constitutional challenge-statute or ordinance
   ☐ Constitutional challenge-proposed amendment
   ☐ Corporate Trusts
   ☐ Discrimination-employment or other
   ☐ Insurance claims
   ☐ Intellectual property
   ☐ Libel/Slander
   ☐ Shareholder derivative action
   ☐ Securities litigation
   ☐ Trade secrets
   ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.   **REMEDIES SOUGHT** (check all that apply):
   ☒   Monetary;
   ☐   Non-monetary declaratory or injunctive relief;
   ☒   Punitive

IV.   **NUMBER OF CAUSES OF ACTION: (    )**
   (Specify)

   <u>1</u>

V.   **IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐   Yes
   ☒   No

VI.   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒   No
   ☐   Yes – If "yes" list all related cases by name, case number and court:

VII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒   Yes
   ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Philip G. Thompson</u>      FL Bar No.: <u>76170</u>
      Attorney or party                                                     (Bar number, if attorney)

   <u>Philip G. Thompson</u>   <u>11/13/2018</u>
         (Type or print name)                        Date

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO.:   502018CA014397 XXXX MB AJ

MICHAEL GUTHEREZ

     Plaintiff,

v.

THE GEO GROUP, INC.,

     Defendant.

---

## COMPLAINT

---

The Plaintiff, MICHAEL GUTHEREZ, by and through his undersigned counsel hereby files

suit against The GEO Group, Inc. (hereinafter "GEO Group") and states as follows:

<u>JURISDICTION AND VENUE</u>

1.    This is an action for damages exceeding FIFTEEN THOUSAND DOLLARS

($15,000.00) exclusive of interest, costs and attorneys' fees.

2.    The acts and circumstances that give rise to this action took place within Palm Beach

County.

3.    Prior to filing this Complaint, the Plaintiff exhausted all administrative remedies and

conditions precedent before bringing this action.

1

<u>THE PARTIES</u>

4.      At all times material hereto, the Plaintiff, MICHAEL GUTHEREZ, was an inmate at the South Bay Correctional Facility located in Palm Beach County and is otherwise sui juris.

5.      At all times material hereto, GEO Group was a Florida corporation, that operates private prisons within the State of Florida, including Palm Beach County, Florida, and was operating the South Bay Correctional Facility at all times material hereto. GEO Group has its principal office in Palm Beach County, Florida, for the normal transaction of business activity within Palm Beach County, Florida; maintains agents and employees in Palm Beach County, Florida; and transacts substantial business within Palm Beach County, Florida.

<div align="center">FACTUAL ALLEGATIONS</div>

6.      On or about March 10, 2018, Plaintiff was an inmate in the South Bay Correctional Facility in the care, custody and control of GEO Group.

7.      At that time and place, the Plaintiff was assaulted in the rec yard by two other inmates. As a result of the attack, the Plaintiff suffered a broken jaw in two places; a shattered cheek bone; lost two teeth and sustained nerve damage that has resulted in numbness in his lips and chin.

<u>NEGLIGENCE AGAINST DEFENDANT, THE GEO GROUP, INC.</u>

8.      Plaintiff adopts, re-alleges and affirms the allegations in Paragraphs 1 through 7 as if fully set forth herein.

9.      At all times material hereto, GEO Group was running a private prison at South Bay Correctional Facility as an independent contractor for the Florida Department of Corrections.

<div align="center">2</div>

10.     Although the Florida Department of Corrections prescribed various general policies and guidelines for GEO Group to follow, GEO Group exercised exclusive control over the South Bay Correctional Facility as well as the day to day management, operation and supervision of the facility.

11.     As the operator of a private prison, GEO Group owed a common law and statutory duty of care to all of the inmates in its care, custody and control, including the Plaintiff.

12.     This duty of care required GEO Group to maintain the premises at the South Bay Correctional Facility in a reasonably safe condition to prevent attacks on inmates that are reasonably foreseeable.

13.     This duty of care also required GEO Group to assign a classification status to certain inmates who pose a potentially serious threat to other specific inmates, and to ensure that these inmates are tracked and properly housed to minimize potential conflict.

14.     Prior to the aforementioned attack, one of the inmates who attacked the Plaintiff, stole his address book and family photos from his foot locker. Then, the inmate threatened to harm the Plaintiff and his family members (as he now had the addresses of the Plaintiff's family members), if the Plaintiff did not give the inmate money.

15.     The Plaintiff immediately reported this theft and the threats by the other inmate to the officer in charge of his dormitory. However, the Plaintiff's complaints were not looked into, and no action was taken against the other inmate.

16.     Days later, the other inmate accosted the Plaintiff again and repeated his threats and requests for money. As a result, the Plaintiff informed his family members fearing for his safety and that of his family members.

3

17.     The Plaintiff's family members then contacted the prison facility and complained that nothing was being done about the situation.   Shortly thereafter, an investigator from the prison facility made contact with the Plaintiff, and the Plaintiff informed the investigator of the situation.

18.     The investigator then made contact with the other inmate and verified that the inmate had the plaintiff's address book and photos in his cell.   At that time, the investigator told the other inmate that the Plaintiff's family called and complained, prompting his involvement.

19.     However, notwithstanding the fact that the investigator confirmed that the other inmate had the Plaintiff's property, and verified the Plaintiff's complaints, GEO Group did not take any disciplinary action against this other inmate, or otherwise take steps to ensure that this inmate could not come into contact with the Plaintiff and cause him harm.

20.     Several weeks after the investigator made contact with the other inmate, the Plaintiff was attacked in the rec yard as previously alleged.

21.     Based on the information given to GEO Group, it was reasonably foreseeable to GEO Group that the Plaintiff was in danger, and that he could be attacked by the other inmate if steps were not taken to ensure that the other inmate could no longer come into contact with the Plaintiff.

22.     By failing to properly address the Plaintiff's complaints, and to track and house this other inmate, keeping him segregated from the Plaintiff, GEO Group was negligent and breached its duty of care to the Plaintiff.

23.     As a direct and proximate result of GEO Group's aforementioned negligence, the Plaintiff was injured in and about his body, suffered aggravation of previous condition, pain and suffering, disability, disfigurement, loss of enjoyment of life,  and incurred medical expenses in the

care and treatment of his injuries. These injuries are permanent or continuing in nature and Plaintiff will incur these damages in the future.

WHEREFORE, Plaintiff demands judgment for damages against the Defendant, The GEO Group, Inc., and further demands trial by jury.

---

**DESIGNATION OF EMAIL ADDRESSES FOR SERVICE**
(Pursuant to Rule 2.516 Fla. R. Jud. Admin)

The undersigned attorneys of the Law Offices of Thompson & Thomas hereby designate the following Email Addresses for service in the above styled manner.  Service shall be complete upon emailing to the following email addresses in this Designation, provided that the provisions of Rule 2.516 are followed:

**Service@tntlegal.com**

**Laywers@tntlegal.com**

**SERVICE IS TO BE MADE TO EACH AND EVERY EMAIL ADDRESS LISTED IN THIS DESIGNATION AND TO NO OTHERS.**

---

Respectfully Submitted,

Thompson & Thomas, P.A.
1801 Indian Road, Suite 100
West Palm Beach, FL 33409
(561) 651-4150 - Telephone
(561) 651-4151 - Facsimile
Lawyers@TNTlegal.com
Attorney for Plaintiff

Philip G. Thompson
Florida Bar No.: 076170

#18-2747

5

Filing # 81005610 E-Filed 11/19/2018 03:33:28 PM

CIVIL ACTION SUMMONS

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL
CIRCUIT, IN AND FOR PALM BEACH COUNTY,
FLORIDA

CASE NO.: 502018CA014397XXXX AJ

MICHAEL GUTHEREZ,

      Plaintiff,

v.

THE GEO GROUP, INC.,

      Defendant.

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint and/or Petition in
this action on Defendant:

      The GEO Group, Inc.
      c/o Registered Agent – Corporate Creations Network, Inc.
      11380 Prosperity Farms Road, #221E
      Palm Beach Gardens, FL 33410

Each Defendant is required to serve written defenses to the Complaint or Petition on:

      Thompson & Thomas, PA
      1801 Indian Road, Suite 100
      West Palm Beach, FL 33409
      (561) 651-4150

within 20 days after service of this summons on that Defendant, exclusive of the day of service and
to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's
attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that
Defendant for the relief demanded in the Complaint or Petition.

DATE on **Nov 20 2018** , 2018.

                                      Clerk of the Court

                                      BY:
                                      As Deputy Clerk   **JOSIE LUCCE**

8391/jlb

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

Case No. 50 2018 CA 014397 XXXX MB AJ

MICHAEL GUTHEREZ,

      Plaintiff,

vs.

THE GEO GROUP, INC.,

      Defendant.

_____/

## **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

The Defendant, THE GEO GROUP, INC. ("GEO" or "Defendant"), by and through its undersigned counsel, files its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

### JURISDICTION AND VENUE

1.     Admitted for jurisdictional purposes only.

2.     Admitted.

3.     Denied for lack of knowledge.

### THE PARTIES

4.     Admitted.

5.     Denied as phrased. However, it is admitted that GEO is a Florida corporation which has its principal office in Palm Beach County, Florida and maintains agents and

Answer and Affirmative Defenses to Plaintiff's Complaint
Gutherez v GEO
Case No. 50 2018 CA 014397 XXXX MB AJ
Page 2

employees in Palm Beach County, Florida.

<div align="center">FACTUAL ALLEGATIONS</div>

6.      It is admitted that Plaintiff was an inmate in the South Bay Correctional Facility on March 10, 2018.  The remainder of this paragraph is denied.

7.      Denied.

<div align="center">NEGLIGENCE AGAINST DEFENDANT, THE GEO GROUP, INC.</div>

8.      GEO adopts and re-alleges its answers in paragraphs 1-7 above as if fully set forth herein.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Without knowledge therefore denied.

15.     Without knowledge therefore denied.

16.     Without knowledge therefore denied.

17.     Without knowledge therefore denied.

18.     Without knowledge therefore denied.

Answer and Affirmative Defenses to Plaintiff's Complaint
Gutherez v GEO
Case No. 50 2018 CA 014397 XXXX MB AJ
Page 3

19.   Without knowledge therefore denied.

20.   Without knowledge therefore denied.

21.   Denied.

22.   Denied.

23.   Denied.

WHEREFORE, GEO demands judgment in its favor and against Plaintiff, plus costs, and any further relief this Court deems proper.

### FIRST AFFIRMATIVE DEFENSE

The negligence of the Plaintiff was the sole legal cause of any loss, injuries or damage to Plaintiff and, therefore, Plaintiff is precluded from recovery herein.

### SECOND AFFIRMATIVE DEFENSE

That this action is governed by the doctrine of comparative fault and, as a result, this Defendant may only be held liable, if at all, on the basis of its percentage of fault, liability or responsibility for the subject incident.

### THIRD AFFIRMATIVE DEFENSE

At all times material hereto, the Plaintiff was the recipient of benefits of collateral sources. This Defendant is, therefore, entitled to a set-off or reduction in the amount of any verdict rendered against it, pursuant to Florida Statutes §768.76.

Answer and Affirmative Defenses to Plaintiff's Complaint
Gutherez v GEO
Case No. 50 2018 CA 014397 XXXX MB AJ
Page 4

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff herein failed to mitigate his damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff knew of the existence of the alleged danger complaint of in the Complaint, realized and appreciated the possibility of injury as a result of the danger and, having a reasonable opportunity to avoid it, voluntarily exposed himself to the danger.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff had knowledge of the alleged danger equal to or greater than the knowledge of the alleged danger by the Defendant and, as a result, Plaintiff is precluded from recovery herein.

## DEMAND FOR JURY TRIAL

Defendant demands trial by jury of all issues so triable as of right.

I HEREBY CERTIFY that a copy of the foregoing has been furnished this 5th day of December, 2018 to: Philip G. Thompson, Esquire, Thompson & Thomas, PA, 1801 Indian Road, Suite 100, West Palm Beach, FL 33409.

Answer and Affirmative Defenses to Plaintiff's Complaint
Gutherez v GEO
Case No. 50 2018 CA 014397 XXXX MB AJ
Page 5

WIEDERHOLD, KUMMERLEN & WARONICKI, PA
Attorneys for Defendant
340 Columbia Drive, Suite 111
West Palm Beach, FL 33409
P.O. Box 3918
West Palm Beach, FL 33402
561/615-6775
561/615-7225 - Facsimile
Primary: gkummerlen@wmrfla.com
Secondary: jbarker@wmrfla.com

By: **s/Gregory A. Kummerlen**
Gregory A. Kummerlen
FBN: 595691

F:\USER\SECY\BB\Gutherez v GEO 8391\Answer-01.wpd

8391/jlb

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

Case No. 50 2018 CA 014397 XXXX MB AJ

MICHAEL GUTHEREZ,

     Plaintiff,

vs.

THE GEO GROUP, INC.,

     Defendant.

_____/

## MOTION FOR EXTENSION OF TIME

COME NOW, the Defendant, THE GEO GROUP, INC., by and through the undersigned attorney, files this their Motion for Extension of Time, and as grounds therefore state, as follows:

1.    Defendant, THE GEO GROUP, INC., received Plaintiff's First Request for Production and First Interrogatories served with the Complaint.

2.    Defendant requires additional time in order to file appropriate and complete responses and/or answers and/or objections to the aforementioned discovery.

3.    This Motion is not filed for the purposes of harassment, obstruction or delay, and the parties will not be prejudiced by the granting of this Motion.

WHEREFORE, the Defendant, THE GEO GROUP, INC., respectfully requests this Court for an Order granting extension of time for the filing of objections and/or answers

Motion for Extension of Time
Gutherez v GEO
Case No. 50 2018 CA 014397 XXXX MB AJ
Page 2

and/or responses to Plaintiff's First Request for Production and First Interrogatories served

with the Complaint, and any such further relief as the Court deems necessary and just.

I HEREBY CERTIFY that a copy of the foregoing has been furnished this 4th day of

January, 2019 to: Philip G. Thompson, Esquire, Thompson & Thomas, PA, 1801 Indian

Road, Suite 100, West Palm Beach, FL 33409.

WIEDERHOLD, KUMMERLEN & WARONICKI, PA
Attorneys for Defendant
340 Columbia Drive, Suite 111
West Palm Beach, FL 33409
P.O. Box 3918
West Palm Beach, FL 33402
561/615-6775
561/615-7225 - Facsimile
Primary: gkummerlen@wmrfla.com
Secondary: jbarker@wmrfla.com

By:  **s/Gregory A. Kummerlen**
     Gregory A. Kummerlen
     FBN: 595691

F:\USER\SECY\BB\Gutherez v GEO 8391\MET-1st INT & 1st RTP served w complaint-01.wpd

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

Case No. 50 2018 CA 014397 XXXX MB AJ

MICHAEL GUTHEREZ,
 Plaintiff,
vs.
THE GEO GROUP, INC.,
 Defendant.
_____/

## AGREED ORDER ON DEFENDANT'S MOTION FOR EXTENSION OF TIME dated JANUARY 4, 2019

THIS CAUSE came before the Court on **Defendant's Motion for Extension of Time dated January 4, 2019**, and the Court having been advised that counsel for the parties have agreed to the entry of this Order, it is,

ORDERED AND ADJUDGED as follows:

1. Defendant's Motion for Extension of Time dated January 4, 2019 is **GRANTED**.
2. Defendant will respond to Plaintiff's First Interrogatories and First Request to Produce served with Complaint within twenty (20) days from the date of this Agreed Order.

**DONE AND ORDERED** in Chambers, at West Palm Beach, Palm Beach County, Florida.

50-2018-CA-014397-XXXX-MB    01/25/2019
Scott Kerner    Judge

50-2018-CA-014397-XXXX-MB    01/25/2019
Scott Kerner
Judge

Copies furnished to:
**Gregory A. Kummerlen, Esquire**, Wiederhold, Kummerlen & Waronicki, PA, P.O. Box 3918, West Palm Beach, FL 33402 [ gkummerlen@wmrfla.com and jbarker@wmrfla.com]
**Philip G. Thompson, Esquire**, Thompson & Thomas, PA, 1801 Indian Road, Suite 100, West Palm Beach, FL 33409
[credman@tntlegal.com and pthompson@tntlegal.com]

8391/jlb

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

Case No. 50 2018 CA 014397 XXXX MB AJ

MICHAEL GUTHEREZ,

  Plaintiff,

vs.

THE GEO GROUP, INC.,

  Defendant.

_____/

## NOTICE OF TAKING DEPOSITION

  PLEASE TAKE NOTICE that pursuant to the Florida Rules of Civil Procedure, the undersigned will, upon oral examination, take the deposition of:

| | | |
|---|---|---|
| **NAME** | : | **Plaintiff, MICHAEL GUTHEREZ, DC #K54630** |
| **DATE** | : | **Thursday, April 25, 2019** |
| **TIME** | : | **1:00 pm** |
| **LOCATION** | : | **Charlotte Correctional Institution**<br>**33123 Oil Well Road**<br>**Punta Gorda, FL 33955**<br>**941/833-8100** |

before **FLORIDA COURT REPORTING**, Notary Public, State of Florida at Large, or any other officer authorized by law to take depositions in the State of Florida.  Such oral examination will continue from day to day until completed.  You are hereby notified to appear and take part in said examination as you may be advised, and as shall be fit and proper.

Notice of Taking Deposition
Gutherez v GEO
Case No. 50 2018 CA 014397 XXXX MB AJ
Page 2

 

 

I HEREBY CERTIFY that a copy of the foregoing has been furnished this 10th day of April, 2019 to: Philip G. Thompson, Esquire, Thompson & Thomas, PA, 1801 Indian Road, Suite 100, West Palm Beach, FL 33409.

> WIEDERHOLD, KUMMERLEN & WARONICKI, PA
> Attorneys for Defendant
> 340 Columbia Drive, Suite 111
> West Palm Beach, FL 33409
> P.O. Box 3918
> West Palm Beach, FL 33402
> 561/615-6775
> 561/615-7225 - Facsimile
> Primary: gkummerlen@wmrfla.com
> Secondary: jbarker@wmrfla.com
>
> By:   s/Gregory A. Kummerlen
>        Gregory A. Kummerlen
>        FBN: 595691

CC:   Florida Court Reporting
      **Via E-Mail Only**

      Antonio Nazario
      Classification Officer
      **Via E-Mail Only**

F:\USER\SECY\BB\Gutherez v GEO 8391\NOD-Plaintiff-01.wpd

8391/jlb

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

Case No. 50 2018 CA 014397 XXXX MB AJ

MICHAEL GUTHEREZ,

      Plaintiff,

vs.

THE GEO GROUP, INC.,

      Defendant.

_____/

## NOTICE OF CANCELLATION OF DEPOSITION

      The Defendant herein, gives notice of the cancellation of the scheduled deposition of Plaintiff, MICHAEL GUTHEREZ scheduled for Thursday, April 25, 2019 @ 1:00 pm.

      I HEREBY CERTIFY that a copy of the foregoing has been furnished this 24th day of April, 2019 to: Philip G. Thompson, Esquire, Thompson & Thomas, PA, 1801 Indian Road, Suite 100, West Palm Beach, FL 33409.

                WIEDERHOLD, KUMMERLEN & WARONICKI, PA
                Attorneys for Defendant
                340 Columbia Drive, Suite 111
                West Palm Beach, FL 33409
                P.O. Box 3918
                West Palm Beach, FL 33402
                561/615-6775
                561/615-7225 - Facsimile
                Primary: gkummerlen@wmrfla.com
                Secondary: jbarker@wmrfla.com

                By: **s/Gregory A. Kummerlen**_____
                    Gregory A. Kummerlen
                    FBN: 595691

F:\USER\SECY\BB\Gutherez v GEO 8391\N-CXLD DEPO-Plaintiff 042519.wpd

8391/jlb

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

Case No. 50 2018 CA 014397 XXXX MB AJ

MICHAEL GUTHEREZ,

Plaintiff,

vs.

THE GEO GROUP, INC.,

Defendant.

_____/

## NOTICE OF TAKING DEPOSITION

PLEASE TAKE NOTICE that pursuant to the Florida Rules of Civil Procedure, the undersigned will, upon oral examination, take the deposition of:

| | | |
|---|---|---|
| **NAME** | : | **Plaintiff, MICHAEL GUTHEREZ, DC #K54630** |
| **DATE** | : | **Wednesday, June 26, 2019** |
| **TIME** | : | **10:00 am** |
| **LOCATION** | : | **Everglades Correctional Institution** |
| | | **1599 SW 187th Avenue** |
| | | **Miami, FL 33194** |
| | | **305/480/4257 - Valerie Rumph-Saffo** |

before **FLORIDA COURT REPORTING**, Notary Public, State of Florida at Large, or any other officer authorized by law to take depositions in the State of Florida. Such oral examination will continue from day to day until completed. You are hereby notified to appear and take part in said examination as you may be advised, and as shall be fit and proper.

Notice of Taking Deposition
Gutherez v GEO
Case No. 50 2018 CA 014397 XXXX MB AJ
Page 2

      I HEREBY CERTIFY that a copy of the foregoing has been furnished this 29ᵗʰ day of May, 2019 to: Philip G. Thompson, Esquire, Thompson & Thomas, PA, 1801 Indian Road, Suite 100, West Palm Beach, FL 33409.

               WIEDERHOLD, KUMMERLEN & WARONICKI, PA
               Attorneys for Defendant
               340 Columbia Drive, Suite 111
               West Palm Beach, FL 33409
               P.O. Box 3918
               West Palm Beach, FL 33402
               561/615-6775
               561/615-7225 - Facsimile
               Primary: gkummerlen@wmrfla.com
               Secondary: jbarker@wmrfla.com

               By: **s/Gregory A. Kummerlen**
                   Gregory A. Kummerlen
                   FBN: 595691

CC:   Florida Court Reporting
       **Via E-Mail Only**

       Valerie Rumph Saffo
       Classification Officer
       **Via E-Mail Only**

F:\USER\SECY\BB\Gutherez v GEO 8391\NOD-Plaintiff-02.wpd

8391/jlb                           IN THE CIRCUIT COURT OF THE 15th
                                   JUDICIAL CIRCUIT IN AND FOR PALM
                                   BEACH COUNTY, FLORIDA

                                   Case No. 50 2018 CA 014397 XXXX MB AJ

MICHAEL GUTHEREZ,

         Plaintiff,

vs.

THE GEO GROUP, INC.,

         Defendant.
_____/

## NOTICE OF CANCELLATION OF DEPOSITION

         The Defendant herein, gives notice of the cancellation of the scheduled deposition
of Plaintiff, MICHAEL GUTHEREZ scheduled for Wednesday, June 26, 2019 @ 10:00 am.

         I HEREBY CERTIFY that a copy of the foregoing has been furnished this 25th day
of June, 2019 to: Philip G. Thompson, Esquire, Thompson & Thomas, PA, 1801 Indian
Road, Suite 100, West Palm Beach, FL 33409.

                           WIEDERHOLD, KUMMERLEN & WARONICKI, PA
                           Attorneys for Defendant
                           340 Columbia Drive, Suite 111
                           West Palm Beach, FL 33409
                           P.O. Box 3918
                           West Palm Beach, FL 33402
                           561/615-6775
                           561/615-7225 - Facsimile
                           Primary: gkummerlen@wmrfla.com
                           Secondary: jbarker@wmrfla.com

                           By:  s/Gregory A. Kummerlen
                                Gregory A. Kummerlen
                                FBN: 595691

F:\USER\SECY\BB\Gutherez v GEO 8391\N-CXLD DEPO-Plaintiff 062619.wpd

8391/jlb

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

Case No. 50 2018 CA 014397 XXXX MB AJ

MICHAEL GUTHEREZ,

     Plaintiff,

vs.

THE GEO GROUP, INC.,

     Defendant.

_____/

## RE-NOTICE OF TAKING DEPOSITION
### (re-notice from June 26, 2019)

    PLEASE TAKE NOTICE that pursuant to the Florida Rules of Civil Procedure, the undersigned will, upon oral examination, take the deposition of:

| | | |
|---|---|---|
| **NAME** | : | **Plaintiff, MICHAEL GUTHEREZ, DC #K54630** |
| **DATE** | : | **Wednesday, August 7, 2019** |
| **TIME** | : | **10:00 am** |
| **LOCATION** | : | **Everglades Correctional Institution**<br>**1599 SW 187th Avenue**<br>**Miami, FL 33194**<br>**305/480/4257 - Valerie Rumph-Saffo** |

before **FLORIDA COURT REPORTING**, Notary Public, State of Florida at Large, or any other officer authorized by law to take depositions in the State of Florida. Such oral examination will continue from day to day until completed. You are hereby notified to appear and take part in said examination as you may be advised, and as shall be fit and proper.

Re-Notice of Taking Deposition
Gutherez v GEO
Case No. 50 2018 CA 014397 XXXX MB AJ
Page 2

I HEREBY CERTIFY that a copy of the foregoing has been furnished this 1st day of

July, 2019 to: Philip G. Thompson, Esquire, Thompson & Thomas, PA, 1801 Indian Road,

Suite 100, West Palm Beach, FL 33409.

<div style="margin-left:40%">

WIEDERHOLD, KUMMERLEN & WARONICKI, PA
Attorneys for Defendant
340 Columbia Drive, Suite 111
West Palm Beach, FL 33409
P.O. Box 3918
West Palm Beach, FL 33402
561/615-6775
561/615-7225 - Facsimile
Primary: gkummerlen@wmrfla.com
Secondary: jbarker@wmrfla.com

By:  **s/Gregory A. Kummerlen**
    Gregory A. Kummerlen
    FBN: 595691

</div>

CC:   Florida Court Reporting
      **Via E-Mail Only**

      Valerie Rumph Saffo
      Classification Officer
      **Via E-Mail Only**

F:\USER\SECY\BB\Gutherez v GEO 8391\NOD-Plaintiff-03.wpd

Filing # 93141769 E-Filed 07/25/2019 10:58:50 AM

8391/jlb

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

Case No. 50 2018 CA 014397 XXXX MB AJ

MICHAEL GUTHEREZ,

     Plaintiff,

vs.

THE GEO GROUP, INC.,

     Defendant.

_____/

<u>RE-NOTICE OF TAKING DEPOSITION</u>
(re-noticed from August 7, 2019)

PLEASE TAKE NOTICE that pursuant to the Florida Rules of Civil Procedure, the undersigned will, upon oral examination, take the deposition of:

| | | |
|---|---|---|
| **NAME** | : | **Plaintiff, MICHAEL GUTHEREZ, DC #K54630** |
| **DATE** | : | **Friday, August 30, 2019** |
| **TIME** | : | **10:00 am** |
| **LOCATION** | : | **Everglades Correctional Institution**<br>**1599 SW 187th Avenue**<br>**Miami, FL 33194**<br>**305/480/4257 - Valerie Rumph-Saffo** |

before **FLORIDA COURT REPORTING**, Notary Public, State of Florida at Large, or any other officer authorized by law to take depositions in the State of Florida.  Such oral examination will continue from day to day until completed.  You are hereby notified to appear and take part in said examination as you may be advised, and as shall be fit and proper.

Re-Notice of Taking Deposition
Gutherez v GEO
Case No. 50 2018 CA 014397 XXXX MB AJ
Page 2


      I HEREBY CERTIFY that a copy of the foregoing has been furnished this 25th day
of July, 2019 to: Philip G. Thompson, Esquire, Thompson & Thomas, PA, 1801 Indian
Road, Suite 100, West Palm Beach, FL 33409.


                WIEDERHOLD, KUMMERLEN & WARONICKI, PA
                Attorneys for Defendant
                340 Columbia Drive, Suite 111
                West Palm Beach, FL 33409
                P.O. Box 3918
                West Palm Beach, FL 33402
                561/615-6775
                561/615-7225 - Facsimile
                Primary: gkummerlen@wmrfla.com
                Secondary: jbarker@wmrfla.com

                By:__s/Gregory A. Kummerlen_____
                   Gregory A. Kummerlen
                   FBN: 595691


CC:    Florida Court Reporting
       **Via E-Mail Only**

       Valerie Rumph Saffo
       Classification Officer
       **Via E-Mail Only**

F:\USER\SECY\BB\Gutherez v GEO 8391\NOD-Plaintiff-04.wpd

8391/jlb

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

Case No. 50 2018 CA 014397 XXXX MB AJ

MICHAEL GUTHEREZ,

      Plaintiff,

vs.

THE GEO GROUP, INC.,

      Defendant.

_____/

## MOTION FOR EXTENSION OF TIME

COME NOW, the Defendant, THE GEO GROUP, INC., by and through the undersigned attorney, files this their Motion for Extension of Time, and as grounds therefore state, as follows:

1.      Defendant, THE GEO GROUP, INC., received Plaintiff's Second Request for Production and Second Interrogatories dated June 25, 2019.

2.      Defendant requires additional time in order to file appropriate and complete responses and/or answers and/or objections to the aforementioned discovery.

3.      This Motion is not filed for the purposes of harassment, obstruction or delay, and the parties will not be prejudiced by the granting of this Motion.

WHEREFORE, the Defendant, THE GEO GROUP, INC., respectfully requests this Court for an Order granting extension of time for the filing of objections and/or answers

Motion for Extension of Time
Gutherez v GEO
Case No. 50 2018 CA 014397 XXXX MB AJ
Page 2

and/or responses to Plaintiff's Second Request for Production and Second Interrogatories

dated June 25, 2019, and any such further relief as the Court deems necessary and just.

     I HEREBY CERTIFY that a copy of the foregoing has been furnished this 26th day

of July, 2019 to: Philip G. Thompson, Esquire, Thompson & Thomas, PA, 1801 Indian

Road, Suite 100, West Palm Beach, FL 33409.

> WIEDERHOLD, KUMMERLEN & WARONICKI, PA
> Attorneys for Defendant
> 340 Columbia Drive, Suite 111
> West Palm Beach, FL 33409
> P.O. Box 3918
> West Palm Beach, FL 33402
> 561/615-6775
> 561/615-7225 - Facsimile
> Primary: gkummerlen@wmrfla.com
> Secondary: jbarker@wmrfla.com
>
> By: __s/Gregory A. Kummerlen_____
>     Gregory A. Kummerlen
>     FBN: 595691

F:\USER\SECY\BB\Gutherez v GEO 8391\MET-2nd INT & 2nd RTP 062519-01.wpd

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL
CIRCUIT, IN AND FOR PALM BEACH COUNTY,
FLORIDA

CASE NO.:   502018CA014397XXXX AJ


MICHAEL GUTHEREZ,

      Plaintiff,

v.

THE GEO GROUP, INC.

      Defendant

_____/

## <u>NOTICE FOR JURY TRIAL</u>

COMES NOW the Plaintiff, MICHAEL GUTHEREZ, pursuant to Rule 1.440 of the

Florida Rules of Civil Procedure, shows to the Court that the above styled cause is at issue and

moves that a trial date be set.   It is expected that this case will take 4 to 5 days for trial.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to

all parties are the attached service list this 22 day of August, 2019.


                    Thompson & Thomas, PA
                    1801 Indian Road, Suite 100
                    West Palm Beach, FL 33409
                    (561) 651-4150 - Telephone
                    (561) 651-4151 - Facsimile
                    Lawyers@TNTlegal.com
                    Attorney for Plaintiff


                    Philip G. Thompson
                    Florida Bar No.:   076170


18-2747

SERVICE LIST

Philip G. Thompson, Esq
Thompson & Thomas, PA
1801 Indian Road, Suite 100
West Palm Beach, FL   33409
(561) 651-4150 - Telephone
Lawyers@tntlegal.com; Service@tntlegal.com
Counsel for Plaintiff


Gregory Kummerlen, Esq.
Wiederhold, Moses, Kummerlen & Waronicki, PA
340 Columbia Drive, Suite 111
West Palm Beach, FL 33409
(561) 615-6775.      - Telephone
gkummerlen@wmrfla.com; jbarker@wmrfla.com;
Counsel for Defendant

8391/jlb

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

Case No. 50 2018 CA 014397 XXXX MB AJ

MICHAEL GUTHEREZ,

     Plaintiff,

vs.

THE GEO GROUP, INC.,

     Defendant.

_____/

<u>RE-NOTICE OF TAKING DEPOSITION</u>

(re-noticed from August 7, 2019)

     PLEASE TAKE NOTICE that pursuant to the Florida Rules of Civil Procedure, the undersigned will, upon oral examination, take the deposition of:

| | | |
|---|---|---|
| **NAME** | : | **Plaintiff, MICHAEL GUTHEREZ, DC #K54630** |
| **DATE** | : | **Friday, September, 2019** |
| **TIME** | : | **10:00 am** |
| **LOCATION** | : | **Everglades Correctional Institution**<br>**1599 SW 187th Avenue**<br>**Miami, FL 33194**<br>**305/480-4257 - Valerie Rumph-Saffo** |

before **FLORIDA COURT REPORTING**, Notary Public, State of Florida at Large, or any other officer authorized by law to take depositions in the State of Florida. Such oral examination will continue from day to day until completed. You are hereby notified to appear and take part in said examination as you may be advised, and as shall be fit and proper.

Re-Notice of Taking Deposition
Gutherez v GEO
Case No. 50 2018 CA 014397 XXXX MB AJ
Page 2

 

 

I HEREBY CERTIFY that a copy of the foregoing has been furnished this 26th day

of August, 2019 to: Philip G. Thompson, Esquire, Thompson & Thomas, PA, 1801 Indian

Road, Suite 100, West Palm Beach, FL 33409.

 

WIEDERHOLD, KUMMERLEN & WARONICKI, PA
Attorneys for Defendant
340 Columbia Drive, Suite 111
West Palm Beach, FL 33409
P.O. Box 3918
West Palm Beach, FL 33402
561/615-6775
561/615-7225 - Facsimile
Primary: gkummerlen@wmrfla.com
Secondary: jbarker@wmrfla.com

By:  s/Gregory A. Kummerlen
     Gregory A. Kummerlen
     FBN: 595691

CC:   Florida Court Reporting
     **Via E-Mail Only**

     Valerie Rumph Saffo
     Classification Officer
     **Via E-Mail Only**

F:\USER\SECY\BB\Gutherez v GEO 8391\NOD-Plaintiff-05.wpd

8391/jlb

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

Case No. 50 2018 CA 014397 XXXX MB AJ

MICHAEL GUTHEREZ,

     Plaintiff,

vs.

THE GEO GROUP, INC.,

     Defendant.

_____/

<u>AMENDED RE-NOTICE OF TAKING DEPOSITION</u>

(re-noticed from August 7, 2019)

     PLEASE TAKE NOTICE that pursuant to the Florida Rules of Civil Procedure, the undersigned will, upon oral examination, take the deposition of:

| | | |
|---|---|---|
| **NAME** | : | **Plaintiff, MICHAEL GUTHEREZ, DC #K54630** |
| **DATE** | : | **Friday, September 6, 2019** |
| **TIME** | : | **10:00 am** |
| **LOCATION** | : | **Everglades Correctional Institution**<br>**1599 SW 187th Avenue**<br>**Miami, FL 33194**<br>**305/480-4257 - Valerie Rumph-Saffo** |

before **FLORIDA COURT REPORTING**, Notary Public, State of Florida at Large, or any other officer authorized by law to take depositions in the State of Florida. Such oral examination will continue from day to day until completed. You are hereby notified to appear and take part in said examination as you may be advised, and as shall be fit and proper.

Amended Re-Notice of Taking Deposition
Gutherez v GEO
Case No. 50 2018 CA 014397 XXXX MB AJ
Page 2

 

 

I HEREBY CERTIFY that a copy of the foregoing has been furnished this 27th day
of August, 2019 to: Philip G. Thompson, Esquire, Thompson & Thomas, PA, 1801 Indian
Road, Suite 100, West Palm Beach, FL 33409.

WIEDERHOLD, KUMMERLEN & WARONICKI, PA
Attorneys for Defendant
340 Columbia Drive, Suite 111
West Palm Beach, FL 33409
P.O. Box 3918
West Palm Beach, FL 33402
561/615-6775
561/615-7225 - Facsimile
Primary: gkummerlen@wmrfla.com
Secondary: jbarker@wmrfla.com

By:  s/Gregory A. Kummerlen
      Gregory A. Kummerlen
      FBN: 595691

CC:   Florida Court Reporting
      **Via E-Mail Only**

      Valerie Rumph Saffo
      Classification Officer
      **Via E-Mail Only**

F:\USER\SECY\BB\Gutherez v GEO 8391\NOD-Plaintiff-06.wpd

8391/jlb

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

Case No. 50 2018 CA 014397 XXXX MB AJ

MICHAEL GUTHEREZ,

      Plaintiff,

vs.

THE GEO GROUP, INC.,

      Defendant.

_____/

## RE-NOTICE OF TAKING DEPOSITION
(re-noticed from September 6, 2019)

      PLEASE TAKE NOTICE that pursuant to the Florida Rules of Civil Procedure, the undersigned will, upon oral examination, take the deposition of:

| | | |
|---|---|---|
| **NAME** | : | **Plaintiff, MICHAEL GUTHEREZ, DC #K54630** |
| **DATE** | : | **Wednesday, September 11, 2019** |
| **TIME** | : | **11:00 am** |
| **LOCATION** | : | **Everglades Correctional Institution** |
| | | **1599 SW 187th Avenue** |
| | | **Miami, FL 33194** |
| | | **305/480-4257 - Valerie Rumph-Saffo** |

before **FLORIDA COURT REPORTING**, Notary Public, State of Florida at Large, or any other officer authorized by law to take depositions in the State of Florida.  Such oral examination will continue from day to day until completed.  You are hereby notified to appear and take part in said examination as you may be advised, and as shall be fit and proper.

Re-Notice of Taking Deposition
Gutherez v GEO
Case No. 50 2018 CA 014397 XXXX MB AJ
Page 2

      I HEREBY CERTIFY that a copy of the foregoing has been furnished this 6th day of September, 2019 to: Philip G. Thompson, Esquire, Thompson & Thomas, PA, 1801 Indian Road, Suite 100, West Palm Beach, FL 33409.

                WIEDERHOLD, KUMMERLEN & WARONICKI, PA
Attorneys for Defendant
340 Columbia Drive, Suite 111
West Palm Beach, FL 33409
P.O. Box 3918
West Palm Beach, FL 33402
561/615-6775
561/615-7225 - Facsimile
Primary:    gkummerlen@wmrfla.com
Secondary:   jbarker@wmrfla.com

By:  **s/Gregory A. Kummerlen**
      Gregory A. Kummerlen
      FBN: 595691

CC:   Florida Court Reporting
       **Via E-Mail Only**

       Valerie Rumph Saffo
       Classification Officer
       **Via E-Mail Only**

       Rebecca Gottlieb-Hadden
       **Via E-Mail Only**

F:\USER\SECY\BB\Gutherez v GEO 8391\NOD-Plaintiff-07.wpd

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL
CIRCUIT IN AND FOR PALM BEACH COUNTY,
FLORIDA CIVIL DIVISION

CASE NO.:    502018CA014397XXXXMB AJ


MICHAEL GUTHEREZ,

      Plaintiff,

v.

THE GEO GROUP, INC.

      Defendant.

_____/


## NOTICE OF TAKING DEPOSITION – DUCES TECUM

    PLEASE TAKE NOTICE that on **October 2, 2019, at 10:00 a.m.**, the undersigned will

take the following deposition:

| | |
|---|---|
| **Name:** | **Lawrence Beheshti** |
| **Place:** | **South Bay Correctional** |
| | **600 US Highway 27 South** |
| | **South Bay, FL 33493** |

upon oral examination before **Prose Court Reporting**, notaries public, or any other notary
public or officer authorized by law to take depositions in the State of Florida.   The oral
examination will continue from day to day until completed.   This deposition is being taken for
the purpose of discovery, for use at trial, or for such other purposes as are permitted under the
rules of this Court.

<u>Certificate of Service</u>

     I HEREBY CERTIFY that a true copy of the foregoing has been furnished by e-service to:, Gregory Kummerlen, Esq., <u>gkummerlen@wmrfla.com</u>; <u>jbarker@wmrfla.com</u> on this 6 day of September, 2019.

                              Thompson & Thomas, PA
                              1801 Indian Road, Suite 100
                              West Palm Beach, FL 33409
                              (561) 651-4150 - Telephone
                              (561) 651-4151 - Facsimile
                              Lawyers@TNTlegal.com
                              Attorney for Plaintiff

                              Philip G. Thompson
                              Florida Bar No.:   076170

cc:    Prose Court Reporting

#18-2747

## DUCES TECUM

1)     All CDC entries from 2/1/18 to the present for inmate Warrick Haggins, DC# 700981

2)     All entries from 2/1/18 to the present in MINS (management information notification system) for inmate Warrick Haggins, DC# 700981

3)     All CDC entries from 2/1/18 to the present for inmate Michael Gutherez, DC# K54630

4)     All entries from 2/1/18 to the present in MINS (management information notification system) for inmate Michael Gutherez, DC# K54630

5)     All emails sent by you, or received by you, from 2/1/18 to the present, regarding inmate Warrick Haggins, DC# 700981

6)     All emails sent by you, or received by you, from 2/1/18 to the present, regarding inmate Michael Gutherez, DC# K54630

7)     All correspondence or memoranda prepared by you, from 2/1/18 to the present, regarding inmate Warrick Haggins, DC# 700981

8)     All correspondence or memoranda prepared by you, from 2/1/18 to the present, regarding inmate Michael Gutherez, DC# K54630

9)     All correspondence or memoranda received by you, from 2/1/18 to the present, regarding inmate Warrick Haggins, DC# 700981

10)     All correspondence or memoranda received by you, from 2/1/18 to the present, regarding inmate Michael Gutherez, DC# K54630

11)     All documents (including electronic and paper form) pertaining to the assault which is the subject of this litigation, of inmate Michael Gutherez, DC# K54630

12)     All documents (including electronic and paper form) pertaining to the alleged theft and extortion which is the subject of this litigation, of inmate Michael Gutherez, DC# K54630

13)     All formal disciplinary reports generated from 2/1/18 to the present for inmate Warrick Haggins, DC# 700981

14)     All documents (including electronic and paper form) sent to the Office of the Inspector General regarding the alleged theft and extortion which is the subject of this litigation, of inmate Michael Gutherez, DC# K54630

15)     All documents (including electronic and paper form) sent to the Office of the Inspector General regarding the assault which is the subject of this litigation, of inmate Michael Gutherez, DC# K54630

16)     Copies of all FDC policies and procedures that are implicated when an inmate makes an allegation of theft against another inmate

17)     Copies of all FDC policies and procedures that are implicated when an inmate makes an allegation of extortion against another inmate

18)     Copies of all GEO policies and procedures that are implicated when an inmate makes an allegation of theft against another inmate

19)     Copies of all GEO policies and procedures that are implicated when an inmate makes an allegation of extortion against another inmate

20)     Copies of all FDC policies and procedures that are implicated when an inmate makes an allegation that he was attacked and physical harmed by another inmate

21)     Copies of all GEO policies and procedures that are implicated when an inmate makes an allegation that he was attacked and physical harmed by another inmate

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION: AJ
CASE NO.: 50-2018-CA-014397-XXXX-MB

MICHAEL GUTHEREZ,
      Plaintiff/Petitioner
vs.
GEO GROUP INC,
      Defendant/Respondent.
_____/

**ORDER SETTING JURY TRIAL AND
DIRECTING PRETRIAL AND MEDIATION PROCEDURES**

I. **SCHEDULING**

This action is set for Jury trial on docket **BEGINNING FEBRUARY 24, 2020 AND
ENDING ON APRIL 17, 2020. E-CALENDAR CALL** is set for **February 14, 2020.
The 8-Week Docket will be posted on the Court's website (15thcircuit.com) on that
date. The case will be on call all 8-weeks of the docket. All notices of
unavailability/conflict (pre-paid vacation/special set trial settings only) must be filed
and provided to the Court ten (10) days prior to E-Calendar Call to be considered
in setting matters on the docket.** Pursuant to the Notice for Jury Trial, the Court has
reserved FOUR – FIVE (4-5) days for the trial.

II. **UNIFORM PRETRIAL PROCEDURE**
   **\*The asterisk (\*) denotes a change in the Uniform Pretrial Procedure.**

    A. On the last business day no later than **30 DAYS PRIOR TO CALENDAR CALL**,
       the parties shall exchange lists of all trial exhibits, names and addresses of all trial
       witnesses, and names and addresses of all expert witnesses.
    B. On the last business day no later than **20 DAYS PRIOR TO CALENDAR CALL**,
       the parties shall exchange lists of names and addresses of all rebuttal witnesses.
    C. In addition to names and addresses of each expert retained to formulate an expert
       opinion with regard to this cause, both on the initial listing and on rebuttal, the parties
       shall provide:

        1. the subject matter about which the expert is expected to testify;
        2. the substance of the facts and opinions to which the expert is expected to
          testify;
        3. a summary of the grounds for each opinion;
        4. a copy of any written reports issued by the expert regarding this case;
        5. a copy of the expert's curriculum vitae.

    D. On the last business day no later than **20 DAYS PRIOR TO CALENDAR CALL**,

the parties shall confer and:

1. discuss settlement;
2. simplify the issues and stipulate, in writing, as to as many facts and issues as possible;
3. prepare a Pre-Trial Stipulation in accordance with paragraph E; and
4. list all objections to trial exhibits.

E. **PRETRIAL STIPULATIONS MUST BE FILED.** It shall be the duty of counsel for the Plaintiff to see that the Pre-Trial Stipulation is drawn, executed by counsel for all parties, and filed with the Clerk no later than **20 DAYS PRIOR TO CALENDAR CALL**. UNILATERAL PRETRIAL STATEMENTS ARE DISALLOWED, UNLESS APPROVED BY THE COURT, AFTER NOTICE AND HEARING SHOWING GOOD CAUSE. Counsel for all parties are charged with good faith cooperation in this regard. The Pre-Trial Stipulation shall contain in separately numbered paragraphs:

1. a list of all pending motions, including MOTIONS IN LIMINE and DAUBERT MOTIONS requiring action by the Court and the dates those motions are set for hearing (MOTIONS IN LIMINE and DAUBERT HEARINGS shall not be heard the day of the trial or thereafter).
2. stipulated facts which require no proof at trial which may be read to the trier of fact;
3. a statement of all issues of fact for determination at trial;
4. each party's numbered list of trial exhibits with specific objections, if any, to schedules attached to the Stipulation;
5. each party's numbered list of trial witnesses with addresses (including all known rebuttal witnesses); the list of witnesses shall be on separate schedules attached to the Stipulation;
6. a statement of estimated trial time;
7. names of attorneys to try case; and
8. number of peremptory challenges per party.

F. **FILING OF PRE-TRIAL STIPULATION.** Failure to file the Pre-Trial Stipulation or a Court Approved Unilateral Stipulation as above provided may result in the case being stricken from the Court's calendar at its sounding or other sanctions.

G. **ADDITIONAL EXHIBITS, WITNESSES OR OBJECTIONS.** At trial, the parties shall be strictly limited to exhibits and witnesses disclosed and objections reserved on the schedules attached to the Pre-Trial Stipulation prepared in accordance with paragraphs D and E, absent agreement specifically stated in the Pre-Trial Stipulation or order of the Court upon good cause shown. Failure to reserve objections constitutes a waiver. A party desiring to use an exhibit or witness discovered after counsel have conferred pursuant to paragraph D shall immediately furnish the Court and other counsel with a description of the exhibit or with the witness' name and address and the expected subject matter of the witness' testimony, together with the reason for the late discovery of the exhibit or witness. Use of the

exhibit or witness may be allowed by the Court for good cause shown or to prevent manifest injustice.

H. **DISCOVERY.** Unless otherwise agreed in the Pre-Trial Stipulation, all discovery must be completed no later than **10 DAYS BEFORE THE DATE SET FOR E-CALENDAR CALL,** absent agreement for later discovery specifically stated in the Pre-Trial Stipulation or for other good cause shown.

I. **PRE-TRIAL CONFERENCE.** No pre-trial conference pursuant to Fla. R. Civ. P. 1.200 is set by the Court on its own motion. If a pre-trial conference is set upon motion of a party, counsel shall meet and prepare a stipulation pursuant to paragraphs D and E and file the stipulation no later than **5 DAYS BEFORE THE CONFERENCE**. Failure to request a pre-trial conference in a timely fashion constitutes a waiver of the notice of requirement of Rule 1.200. Motions for Summary Judgment will not be heard at any pre-trial conference.

J. **UNIQUE QUESTIONS OF LAW.** Prior to calendar call, counsel for the parties are directed to exchange and simultaneously submit to the Court appropriate memoranda with citations to legal authority in support of any unique legal questions which may reasonably be anticipated to arise during the trial.

K. **MODIFICATION TO UNIFORM PRE-TRIAL PROCEDURE.** Upon written stipulation of the parties filed with the court, the Pre-Trial Procedure, except for items II D-F, inclusive, may be modified in accordance with the parties' stipulation, except to the extent that the stipulation may interfere with the Court's scheduling of the matter for trial or hinder the orderly progress of the trial.

L. **PRE-MARKING EXHIBITS.** Prior to trial, each party shall contact clerk for pre-marking instructions (561) 355-2986.

M. **DEPOSITION DESIGNATIONS.** No later than **20 DAYS PRIOR TO CALENDAR CALL**, each party shall serve his, her, or its designation of depositions, or portions of depositions, each intends to offer as testimony in his, her or its case in chief. No later than **10 DAYS PRIOR TO CALENDAR CALL**, each opposing party shall serve his, her, or its counter (or "fairness") designations to portions of depositions designated, together with objections to the depositions, or portions thereof, originally designated. No later than calendar call, each party shall serve his, her or its objections to counter designations served by an opposing party.

III. **MEDIATION**

A. All parties are required to participate in mediation.

1. The appearance of counsel who will try the case and representatives of each party with full authority to enter into a complete compromise and settlement is mandatory. If insurance is involved, an adjuster with authority up to the policy limits or the most recent demand, whichever is lower, shall attend.

2. At least **ONE WEEK BEFORE THE CONFERENCE**, all parties shall file with the mediator a brief, written summary of the case containing a list of issues as to each party. If an attorney or party filing the summary wishes its content to remain confidential, he/she must advise the mediator in writing when

Case No. 50-2018-CA-014397-XXXX-MB

the report is filed.

3. All discussions, representations, and statements made at the mediation conference shall be privileged consistent with Florida Statutes sections 44.102 and 90.408.

4. The mediator has no power to compel or enforce a settlement agreement. If a settlement is reached, it shall be the responsibility of the attorneys or parties to reduce the agreement to writing and to comply with Florida Rule of Civil Procedure 1.730(b), unless waived.

B. The Plaintiff's attorney shall be responsible for scheduling mediation. The parties should agree on a mediator. If they are unable to agree, any party may apply to the Court for appointment of a mediator in conformity with Rule 1.720 (f), Fla. R. Civ. P. The lead attorney or party shall file and serve on all parties and the mediator a Notice of Mediation giving the time, place, and date of the mediation and the mediator's name. The mediator shall be paid $175.00 per hour, unless otherwise agreed by the parties.

C. Completion of mediation prior to calendar call is a prerequisite to trial. If mediation is not conducted, or if a party fails to participate in mediation, the case, at the Court's discretion, may be stricken from the trial calendar, pleadings may be stricken, and other sanctions may be imposed.

D. Any party opposing mediation may proceed under Florida Rule of Civil Procedure 1.700(b).

IV. **NONCOMPLIANCE**

**NONCOMPLIANCE WITH ANY PORTION OF THIS ORDER MAY RESULT IN THE STRIKING OF THE CASE, WITNESSES, OR EXHIBITS, OR IMPOSITION OF SUCH OTHER SANCTIONS AS ARE JUST.**

**NOTE:** In accordance with the 15th Judicial Circuit's Administrative Order 2.310-4/13, please ensure that ***primary and secondary email addresses*** *are registered with Court Administration at www.15thcircuit.com/onlineservices.* The filing of an email designation with the Clerk's Office is NOT a registration with Court Administration for judicial e-service of orders. If you do not register with the 15th Circuit as set forth above, your e-service address will auto-populate with your Florida Bar e-mail address and may result in orders going to e-mail addresses which are not frequently checked or are no longer in use.

Case No. 50-2018-CA-014397-XXXX-MB

      In accordance with <u>Administrative Order 2.311-2/13</u>, when an attorney is no longer counsel of record on a case, the attorney must update his or her primary and secondary email addresses with the Clerk of Court. (<u>See exhibits attached to A.O. 2.311.</u>)

      **DONE AND ORDERED** in West Palm Beach, Palm Beach County, Florida, this 21st day of October, 2019.

50-2018-CA-014397-XXXX-MB    10/21/2019
Scott Kerner
Judge

**COPIES TO:**

| | | |
|---|---|---|
| GREGORY A. KUMMERLEN, ESQ | 560 VILLAGE BLVD SUITE 240 WEST PALM BEACH, FL 33409 | gkummerlen@wmrfla.com jbarker@wmrfla.com jwilliamson@wmrfla.com |
| PHILIP G. THOMPSON | 1801 INDIAN RD STE 100 WEST PALM BEACH, FL 33409 | PTHOMPSON@TNTLEGAL.COM lawyers@tntlegal.com service@tntlegal.com |

Case No. 50-2018-CA-014397-XXXX-MB

## E-CALENDAR CALL

### FOR THE TRIAL PERIOD OF FEBRUARY 24, 2020 THROUGH APRIL 17, 2020

**AFTER COUNSEL FOR ALL PARTIES HAVE CONFERRED, PLAINTIFF'S COUNSEL SHALL COMPLETE THIS FORM WITH ALL INFORMATION REQUESTED (INCLUDING CONFLICTS FOR ALL COUNSEL OF RECORD). ONCE COMPLETED, IT MUST BE E-MAILED TO CAD-DIVISIONAJ@PBCGOV.ORG BY FEBRUARY 3, 2020.**

**CASE NAME:** _____

**CASE NUMBER:** _____

**PLAINTIFF'S TRIAL COUNSEL CONTACT INFORMATION:**
**Name:**_____ **Phone:**_____
**Email:** _____

**DEFENDANT'S TRIAL COUNSEL CONTACT INFORMATION:**
**Name:**_____ **Phone:**_____
**Email:** _____

**NUMBER OF DAYS/HOURS REQUESTED FOR TRIAL/HEARING:**_____
**DATE PRE-TRIAL STIPULATION WAS FILED:**_____
**DATE MEDIATION CONFERENCE WAS CONDUCTED:** _____
**DATES AND SPECIFIC NATURE OF CONFLICTS DURING TRIAL DOCKET*:**
_____
_____

*The Court will only recognize the following conflicts: special set trials (please indicate the date and length of trial, the case number, and the Judge presiding over the trial) and Pre-Paid vacations. All conflicts must indicate the date and reason for the conflict listed.*
**PREFERRED TRIAL WEEKS**:**
_____

***The preferred trial weeks are <u>not</u> necessarily the weeks you will be set for trial. The court will try to accommodate those requests but the case may still be set for trial during the other weeks of the docket. The more dates you provide the greater chance of accommodation.* The Court will post the trial calendar on the DIVISION AJ website on the E-Calendar Date. EACH CASE WILL BE ON CALL FOR THOSE WEEKS AS INDICATED ON WEBSITE'S POSTED TRIAL DOCKET**

### EXHIBIT "A"

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.:    502018CA014397XXXXMB   AJ

MICHAEL GUTHEREZ,

      Plaintiff,

v.

THE GEO GROUP, INC.,

      Defendant.

_____

**PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

_____

      COMES NOW, the Plaintiff, MICHAEL GUTHEREZ, by and through his undersigned counsel, and hereby files this Motion for Leave to File First Amended Complaint, and as grounds therefore states as follows:

      1.     Plaintiff is an inmate who was incarcerated at the South Bay Correctional Facility which is operated by the Defendant, GEO Group Inc.

      2.     Plaintiff was attacked by another inmate in March 2018 and sustained a broken jaw and other serious permanent injuries.

      3.     Plaintiff previously filed suit against the Defendant sounding in negligence for failing to prevent this attack which was reasonably foreseeable.

      4.     However, since filing suit, discovery has revealed that the Defendant's employee, Lawrence Beheshti, acted with deliberate indifference in failing to protect Plaintiff in violation of Plaintiff's Constitutional rights under the Eighth and Fourteenth Amendments.

1

5.      Beheshti was employed at the South Bay prison as an investigator.   Beheshti is also certified in Florida as a correctional officer.

6.      Prior to the subject attack, Beheshti was informed by Plaintiff (and Plaintiff's family) that another inmate named Warrick Haggins had stolen Plaintiff's address book and family photos, and was extorting Plaintiff for money.   Specifically, Haggins told Plaintiff that if Plaintiff did not pay Haggins money, Haggins would harm Plaintiff and murder Plaintiff's family members after he was released from prison now that Haggins knew where they lived and what they looked like.

7.      Beheshti investigated these complaints under the color of law and recovered Plaintiff's personal property in Haggins's cell.   Beheshti informed Plaintiff that if he found Plaintiff's personal property in Haggins's cell, that he would lock Haggins up.

8.      However, Beheshti did not lock up Haggins or otherwise charge Haggins with theft and extortion which are deemed "major violations" of the prison disciplinary rules.   Nor was a formal incident report prepared by Beheshti which was required under the procedures mandated by the Florida Department of Corrections.

9.      Later, when Plaintiff learned that Haggins was not locked up and was still on the compound in general population, Plaintiff sought out Beheshti.   Beheshti then threatened to lock up Plaintiff and pursue charges against Plaintiff's mother if the issue was not dropped.   Based on these threats, Plaintiff relented and took no further action.

10.      Approximately 2-3 weeks later, Haggins attacked Plaintiff in the rec yard with another inmate accomplice breaking his jaw and causing other serious permanent injuries.

2

11.     Had Beheshti locked up Haggins for theft and extortion, this attack would have been prevented.   Alternatively, had Beheshti just prepared a formal incident report and routed it up through the proper chain of command, this would have triggered a special review of the housing assignment of both inmates which would have resulted in Haggins being transferred to a different facility, which would have also prevented the subject attack.

12.     Beheshti subjectively knew of the substantial risk of serious harm that Haggins posed to Plaintiff, and Beheshti appreciated same.

13.     However, Beheshti disregarded that risk and failed to take reasonable measures to protect Plaintiff in response to that risk.   Beheshti knew of ways to reduce the harm to Plaintiff and had the authority to do so, but knowingly declined to act.

14.     As such, Beheshti acted with deliberate indifference in violation of Plaintiff's Constitutional rights under the Eighth and Fourteenth Amendments and Plaintiff seeks leave of court to amend his complaint to bring these additional claims against Beheshti.   A copy of Plaintiff's proposed First Amended Complaint is attached hereto as Exhibit "A".

WHEREFORE, Plaintiff respectfully requests that this Court grant his Motion for Leave to File First Amended complaint; order the amended complaint to be deemed filed as of the date of the Court's order granting the amendment; and grant any other relief this Court deems just and proper.

     I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via eservice to Gregory Kummererlen, Esq., gkummerlen@wmrfla.com; jbarker@wmrfla.com, this _9_ day of December, 2019.

 

Thompson & Thomas, PA
1801 Indian Road, Suite 100
West Palm Beach, FL 33409
(561) 651-4150 - Telephone
(561) 651-4151 - Facsimile
Lawyers@TNTlegal.com
Attorney for Plaintiff

Philip G. Thompson
Florida Bar No.:   076170

#18-2747

4

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CASE NO.:  502018CA014397XXXX AJ


MICHAEL GUTHEREZ

      Plaintiff,

v.

THE GEO GROUP, INC. and,
LAWRENCE BEHESHTI

      Defendants.

---

## FIRST AMENDED COMPLAINT

---

The Plaintiff, MICHAEL GUTHEREZ, by and through his undersigned counsel, hereby files suit against The GEO Group, Inc. (hereinafter "GEO Group") and Lawrence Beheshti (hereinafter "Beheshti"), and states as follows:

<u>JURISDICTION AND VENUE</u>

1.    This is an action for damages exceeding FIFTEEN THOUSAND DOLLARS ($15,000.00) exclusive of interest, costs and attorney fees.

2.    The acts and circumstances that give rise to this action took place within Palm Beach County.

3.    Prior to filing this Complaint, the Plaintiff exhausted all administrative remedies and conditions precedent before bringing this action.

1

# EXHIBIT __A__

<u>THE PARTIES</u>

4.      At all times material hereto, Plaintiff, MICHAEL GUTHEREZ, was an inmate at the South Bay Correctional Facility located in Palm Beach County and is otherwise sui juris.

5.      At all times material hereto, GEO Group was a Florida corporation, that operates private prisons within the State of Florida, including Palm Beach County, Florida, and was operating the South Bay Correctional Facility at all times material hereto.  GEO Group has its principal office in Palm Beach County, Florida for the normal transaction of business activity within Palm Beach County, Florida; maintains agents and employees in Palm Beach County, Florida; and transacts substantial business within Palm Beach County, Florida.

6.      At all times material hereto, Beheshti was a certified Florida corrections officer employed by GEO Group as an investigator at the South Bay Correctional Facility.  Beheshti is a resident of Broward County, Florida and is otherwise sui juris.

<u>FACTUAL ALLEGATIONS</u>

7.      On or about March 10, 2018, Plaintiff was an inmate in the South Bay Correctional Facility in the care, custody and control of GEO Group.

8.      At that time and place, Plaintiff was attacked in the rec yard by two other inmates. As a result of the attack, Plaintiff suffered a broken jaw in two places; a shattered cheek bone; lost two teeth and sustained nerve damage that has resulted in numbness in his lips and chin.

9.      Prior to the attack, on or about February 6, 2018, Plaintiff was housed in H Dorm. At that time, another inmate named Warrick Haggins (hereinafter "Haggins") was also assigned to H Dorm.

2

10.     On or about February 6, 2018, Haggins broke into Plaintiff's foot locker in his cell and stole various personal items including Plaintiff's address book and personal photos. The address book contained the names and addresses of Plaintiff's family members.

11.     That same day, Haggins informed Plaintiff that he had taken his address book and family photos, and began threatening Plaintiff with physical violence if Plaintiff did not pay Haggins money.

12.     At that time, Haggins also threatened to murder Plaintiff's family members if Plaintiff did not pay Haggins money. Haggins informed Plaintiff that he was going to be released from prison within the next several months and that Haggins would be able to track down Plaintiff's family members and make good on his threats as Haggins now had the names and addresses of Plaintiff's family members, along with photos of these family members.

13.     That same day Plaintiff informed the correctional staff of Haggins's theft and extortion and asked the correctional staff to intervene. In response, Plaintiff was moved by the correctional staff to D Dorm.

14.     However, that same day, Haggins entered into D Dorm and found Plaintiff. Once again, Haggins continued with his verbal threats of violence and extortion.

15.     As a result, later that same day, Plaintiff informed his family members via telephone of Haggins's theft and extortion and asked his family to intervene on his behalf.

16.     The following day on February 7, 2018, Plaintiff's sister, Marisha White, a corrections officer in the sate of Indiana, emailed Christopher Castner, the facility inspector, and apprised him of the situation between Plaintiff and Haggins.

3

17.     In turn, the following day on February 8, 2018, Castner emailed Beheshti and asked him to make contact with Plaintiff to obtain more information.

18.     Later that same day Beheshti made contact with Plaintiff and Plaintiff informed Beheshti of Haggins's theft and extortion which included threats of physical harm to Plaintiff and his family members.

19.     At that time, Beheshti asked Plaintiff if he wanted to be placed into protective custody.  However, Plaintiff did not feel it was right that he go into confinement for protective custody if Haggins was the one who committed the theft and extortion.  Plaintiff asked Beheshti if it would be more appropriate to lock up Haggins and place him in confinement instead.

20.     Beheshti agreed and told Plaintiff that if he found Plaintiff's property in Haggins's cell, that he was going to "lock up" Haggins.

21.     Thereafter, Beheshti went to Haggins's cell that same day and found Plaintiff's property in Haggins's cell.  Beheshti then brought Plaintiff's property back to him and told Plaintiff to make sure it was all there.

22.     No more discussions were had at that time between Plaintiff and Beheshti about any further action that would be taken against Haggins or whether it was necessary for Plaintiff to be placed into protective custody moving forward.  As such, Plaintiff relied on Beheshti's prior statements to him before he made contact with Haggins, and assumed that Beheshti was locking up Haggins and that Plaintiff did not need protective custody.

23.     Thereafter, approximately one to two weeks later, Plaintiff saw Haggins on the compound and learned that he had not been locked up despite the previous statements made by Beheshti to the contrary.

4

24.     As a result, Plaintiff sought out Beheshti shortly thereafter in the breeze way and inquired why Haggins had not been locked up for theft and extortion. At that time, Beheshti told Plaintiff that he should not have involved his family members and further stated that if he pushed the issue, Plaintiff would be locked up and the facility would also pursue criminal charges against Plaintiff's mother.

25.     Because of these threats made by Beheshti at that time, Plaintiff relented and did not bring the issue up again or request protective custody for fear of retaliation by Beheshti against Plaintiff and his mother. Within two to three weeks thereafter, Haggins and an another inmate accomplice named "Six",  found Plaintiff on the rec yard and carried out the subject attack referenced previously in ¶8 above.

<div align="center">COUNT I:  NEGLIGENCE AGAINST GEO GROUP</div>

26.     Plaintiff adopts, re-alleges and affirms the allegations in Paragraphs 1 through 25 as if fully set forth herein.

27.     At all times material hereto, GEO Group was running a private prison at South Bay Correctional Facility as an independent contractor for the Florida Department of Corrections (hereinafter "FDC").

28.     Although the FDC prescribed various general policies and guidelines for GEO Group to follow, GEO Group exercised exclusive control over the South Bay Correctional Facility as well as the day to day management, operation and supervision of the facility.

29.     As the operator of a private prison, GEO Group owed a common law, statutory and constitutional duty of care to all of the inmates in its care, custody and control, including the Plaintiff.

<div align="center">5</div>

30.     This duty of care generally required GEO Group to operate the premises at the South Bay Correctional Facility in a reasonably safe condition to prevent attacks on inmates that are reasonably foreseeable.

31.     This duty of care also specifically required GEO Group to prepare a formal incident report regarding the allegations of theft and extortion against Haggins, and to initiate a special review process to assign a classification status to Haggins, so Haggins could be placed in a separate facility from Plaintiff, and tracked and housed to minimize potential conflict as he posed a potentially serious threat to Plaintiff.

32.     Prior to the aforementioned attack, GEO Group's correctional staff members were informed of the allegations of theft and extortion against Haggins, and GEO Group's correctional personnel confirmed that Haggins had Plaintiff's property under very suspicious circumstances that did not make sense or add up despite the explanation and denial proffered by Haggins.

33.     However, notwithstanding the fact that Beheshti confirmed that Haggins had Plaintiff's property, and Haggins's explanation and denial did not make sense or add up to Beheshti, GEO Group did not take any disciplinary action whatsoever against Haggins; did not follow FDC protocols and prepare a formal incident report; did not follow FDC protocols and initiate a special review process; or otherwise take any steps to ensure that Haggins could not come into contact with Plaintiff and cause him harm.

34.     Based on the information given to GEO Group, it was reasonably foreseeable to GEO Group that the Plaintiff was in danger, and that he could be attacked by Haggins if steps were not taken to ensure that Haggins could no longer come into contact with Plaintiff.

6

35.     By failing to properly address Plaintiff's complaints against Haggins which included a lack of disciplinary action against Haggins; a failure to prepare a formal incident report and disseminate it up the chain of command pursuant to FDC protocols; a failure to initiate a special review of inmate Haggins pursuant to FDC protocols to track and house Haggins to keep him segregated from Plaintiff, GEO Group was negligent and breached its duty of care to Plaintiff.

36.     As a direct and proximate result of GEO Group's aforementioned negligence, Plaintiff was injured in and about his body, suffered aggravation of a previous condition, pain and suffering, disability, disfigurement and loss of enjoyment of life. These injuries are permanent or continuing in nature and Plaintiff will incur these damages in the future.

WHEREFORE, Plaintiff demands judgment for damages against the Defendant, The GEO Group, Inc., and further demands trial by jury.

COUNT II: DELIBERATE INDIFFERENCE AGAINST BEHESHTI

37.     Plaintiff adopts, re-alleges and affirms the allegations in Paragraphs 1 through 36 as if fully set forth herein.

38.     This is an action for deliberate indifference brought pursuant to 42 U.S.C. §1983 for violation of Plaintiff's civil rights under the Eighth and Fourteenth Amendments of the United States Constitution for failure to protect Plaintiff from a known threat of harm posed by another prisoner.

39.     In February and March 2018, Beheshti was employed by GEO Group as an investigator at the South Bay Correctional Facility.

40.     Beheshti investigated Plaintiff's allegations of theft and extortion against Haggins as previously described above, under the color of law as a certified Florida correctional officer carrying out his job duties pursuant to his authority to act as a correctional employee in a privately run prison

7

operated through a contract with the FDC. This contract required the prison officials to operate the prison in conformance with all state and federal constitutional, statutory and judicial mandates.

41.     Based on the allegations of theft and extortion previously recited above, Haggins posed a substantial risk of serious harm to Plaintiff.

42.     Beheshti was made aware of and knew of this risk initially via the email that was forwarded to him on February 8, 2018 by his superior. Then later that same day, Plaintiff confirmed these facts directly to Beheshti.

43.     Beheshti then made contact with Haggins that same day and confirmed that Haggins did in fact have Plaintiff's address book and family photos as alleged.  At that time, Haggins denied the theft and extortion and offered an explanation to Beheshti that he was merely holding Plaintiff's personal property for him because Plaintiff allegedly owed money to other inmates on the compound.

44.     However, Beheshti subjectively knew that this explanation "did not make any sense" and "did not add up".  Beheshti also subjectively knew that he was not "getting the full story" from Haggins.

45.     Despite being personally aware of Plaintiff's allegations of theft and extortion against Haggins and finding Plaintiff's personal property in Haggins's cell under suspicious circumstances that "did not make sense" or "add up", Beheshti did not prepare a formal incident report mandated by FDC procedures to be submitted up the chain of command.  Nor did Beheshti initiate a special review process as mandated by FDC procedures.  Nor did Beheshti charge Haggins with a major violation of FDC protocols for theft or extortion and lock Haggins up, or otherwise take any steps whatsoever to ensure that Haggins could not come into contact with Plaintiff.

46.     Beheshti had information of the theft and extortion that he suspected to be true because he knew the explanation offered by Haggins did not hold water, and he also knew that if Plaintiff voluntarily gave Haggins his property to hold, neither Plaintiff or Plaintiff's family would have needed to enlist Beheshti's assistance to get the property back.

47.     Based on this information that Beheshti had, he subjectively knew of the substantial risk of serious harm that Haggins posed to Plaintiff, and Beheshti appreciated same.

48.     However, Beheshti disregarded that risk and failed to take reasonable measures to protect Plaintiff in response to that risk in as much as he knew of ways to reduce the harm but knowingly declined to act even though he had the authority to do so.

49.     As a result, Plaintiff was attacked a few weeks later by Haggins and another inmate accomplice named "Six" on the rec yard on March 10, 2018, wherein Plaintiff sustained a broken jaw and other serious permanent injuries.

50.     Beheshti's failure to protect Plaintiff caused Plaintiff's injuries and the injuries were a reasonably foreseeable consequence of Beheshti's failure to protect Plaintiff.

51.     As a direct and proximate result of Beheshti's aforementioned deliberate indifference, Plaintiff's civil rights under the Eighth and Fourteenth Amendments of the United States Constitution were violated, and Plaintiff was injured in and about his body, suffered aggravation of a previous condition, pain and suffering, disability, disfigurement and loss of enjoyment of life. These injuries are permanent or continuing in nature and Plaintiff will incur these damages in the future.

9

WHEREFORE, Plaintiff demands judgment for damages against the Defendant, Lawrence Beheshti, along with attorneys fees and costs pursuant to 42 U.S.C. §1988, and further demands trial by jury.

---

### DESIGNATION OF EMAIL ADDRESSES FOR SERVICE
#### (Pursuant to Rule 2.516 Fla. R. Jud. Admin)

The undersigned attorneys of the Law Offices of Thompson & Thomas hereby designate the following Email Addresses for service in the above styled manner. Service shall be complete upon emailing to the following email addresses in this Designation, provided that the provisions of Rule 2.516 are followed:

**Service@tntlegal.com**

**Laywers@tntlegal.com**

**SERVICE IS TO BE MADE TO EACH AND EVERY EMAIL ADDRESS LISTED IN THIS DESIGNATION AND TO NO OTHERS.**

---

Respectfully Submitted,

Thompson & Thomas, P.A.
1801 Indian Road, Suite 100
West Palm Beach, FL 33409
(561) 651-4150 - Telephone
(561) 651-4151 - Facsimile
Lawyers@TNTlegal.com
Attorney for Plaintiff

Philip G. Thompson
Florida Bar No.: 076170

#18-2747

10

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND FOR PALM BEACH
COUNTY, FLORIDA

CASE NO.:   502018CA014397XXXXMB   AJ

MICHAEL GUTHEREZ,

     Plaintiff,

v.

THE GEO GROUP, INC.,

     Defendant.

---

### NOTICE OF HEARING

---

TO:   ALL COUNSEL OF RECORD

     YOU ARE HEREBY NOTIFIED that the undersigned has called up for hearing the following:

DATE:       January 14, 2020

TIME:       8:30 a.m.

JUDGE:    The Honorable Scott Kerner

PLACE:    Palm Beach County Courthouse
           205 N. Dixie Highway, Courtroom 6A
           West Palm Beach, FL 33402

SPECIFIC MATTERS TO BE HEARD:    **Plaintiff's Motion for Leave to File First Amended Complaint**

1

_____X_____   Movant's attorney has spoken in person or by telephone with the attorney(s) for all parties who may be affected by the relief sought in the motion in a good faith effort to resolve or narrow the issues raised.

_____   Movant's attorney has attempted to speak in person or by telephone with the attorney(s) for all parties who may be affected by the relief sought in the motion.

_____   One or more of the parties who may be affected by the motion are self represented.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via eservice to Gregory Kummererlen, Esq., gkummerlen@wmrfla.com; jbarker@wmrfla.com, this 12 day of December, 2019.

> Thompson & Thomas, PA
> 1801 Indian Road, Suite 100
> West Palm Beach, FL 33409
> (561) 651-4150 - Telephone
> (561) 651-4151 - Facsimile
> Lawyers@TNTlegal.com
> Attorney for Plaintiff
>
> _____
> Philip G. Thompson
> Florida Bar No.: 076170

#18-2747

2

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND FOR PALM BEACH
COUNTY, FLORIDA

CASE NO.: 502018CA014397XXXXMB AJ

MICHAEL GUTHEREZ,

      Plaintiff,

v.

THE GEO GROUP, INC.,

      Defendant.

## ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

**THIS MATTER** came before the Court on the Plaintiff's Motion For Leave to File First Amended Complaint heard on January 14, 2020. The Court, having considered the Motion, hearing argument from counsel for the Parties, and being otherwise duly advised in the premises, it is therefore:

      **ORDERED AND ADJUDGED** that the Plaintiff's Motion For Leave to File First Amended Complaint is hereby GRANTED. The First Amended Complaint shall be deemed filed as of the date of this Order. The Defendant shall have fifteen (15) days from the date of this Order to file an answer or responsive pleading.

      **DONE and ORDERED** in Chambers, at West Palm Beach, Palm Beach County, Florida.

50-2018-CA-014397-XXXX-MB    01/14/2020
Scott Kerner
Judge

Copies furnished to:
Philip G. Thompson, Esq, lawyers@tntlegal.com; lawyers@tntlegal.com
Gregory Kummerlen, Esq., gkummerlen@wmrfla.com; jbarker@wmrfla.com